IN CLERK'S OFFICE

★ JAN 2 6 2006 ★

P.M. _____

TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

MICHAEL JAMES,

      Plaintiff,

  -against-

SUPREME COURT JUDGE "JOHN DOE,"
Queens County Supreme Court 125-01 Queens Blvd.
Kew Gardens, New York 11415 Criminal Term
Part AP-2 October 7th 2005,

      Defendant.

----------------------------------------X

**MEMORANDUM AND ORDER**
05-CV-6104 (CBA)

AMON, United States District Judge.

Plaintiff, Michael James, filed this action *pro se* on December 30, 2005, pursuant to 42 U.S.C. § 1983, alleging that the defendant violated his constitutional rights. Plaintiff has paid the requisite fee to file this action, but the Court dismisses the complaint for the reasons set forth below.

## BACKGROUND

Plaintiff files this action in connection with his ongoing criminal court proceeding in Queens County Supreme Court. Plaintiff alleges that on October 7, 2005, the defendant, a Queens County Supreme Court judge, "threaten[ed] the plaintiff on record . . . while presiding over the current and pending criminal case and further denied the plaintiff to exercise his rights to self-representation." Compl. at p. 2, ¶ 11. Plaintiff further alleges that "as a result of defendant's actions and conduct, plaintiff was forced to retain an attorney who has not effectively solve[d] the case . . . ." Compl. at p. 3, ¶ 17. Plaintiff seeks $300,000.00 dollars in damages.

## DISCUSSION

In reviewing plaintiff's complaint, the Court is mindful that because plaintiff is proceeding *pro se*, his submission should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004). However, the Court may dismiss a frivolous complaint sua sponte even when plaintiff has paid the filing fee. Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363 (2d Cir.2000); see also Mallard v. United States District Court, 490 U.S. 296, 307-08 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

"A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit." Montero v. Travis, 171 F.3d 757, 760 (2d Cir.1999) (quoting Neitzke v. Williams, 490 U.S. 319, 325, 327(1989)); see also Jolley v. Chatigny, No. 04-Civ-182, 2004 WL 306116, at *2 (D.Conn. Feb. 12, 2004) (when it is clear that the defendant is immune from suit, a dispositive defense appears on the face of the complaint and the action can be dismissed as frivolous).

Judicial Immunity

Judges are absolutely immune from liability for acts performed in their judicial capacities, however erroneous the act and however evil the motive. Mireles v. Waco, 502 U.S. 9,11 (1991); Stump v. Sparkman, 435 U.S. 349, 356 (1978); Pierson v. Ray, 386 U.S. 547 (1967); Young v. Selsky, 41 F.3d 47, 50 (2d Cir. 1994). "Judges have absolute immunity not because of their particular location within the Government but because of the special nature of their responsibilities." Butz v. Economou, 438 U.S. 478 (1978). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he

took was in error . . . or was in excess of his authority." Mireles, 502 at 11 (quotation omitted). Judicial immunity is overcome in only two situations. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id. (citations omitted). Here, plaintiff clearly does not allege that the judge in his state court criminal case was acting beyond his judicial capacity or in the clear absence of jurisdiction. Therefore, defendant is entitled to absolute immunity from all of plaintiff's claims.

In addition, plaintiff is advised that the Federal Courts Improvement Act (FCIA), Pub.L. No. 104-317, 110 Stat. 3847 (1996), § 309(c) bars injunctive relief in any § 1983 action "against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." Id. § 309(c), 110 Stat. at 3853 (amending 42 U.S.C. § 1983).

## CONCLUSION

Accordingly, the complaint is dismissed. Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363 (2d Cir.2000). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       Jan 25, 2006

CAROL B. AMON
United States District Judge

3